UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2010 JUN -7 A 9:54
U.S. DISTRICT COURT
NEW HAVEN, CT

COMPLAINT FORM

Raymond Sitar
---------------
Plaintiff

Case# 3:10-CV-875-JCH

V.

Caty A. Vishniac.          DEFENDANT #1

Carol Maher               DEFENDANT #2

## A. Parties

1. Raymond Sitar, plaintiff, who presently resides at 392 Edgewood Avenue, New Haven, Connecticut. 06511.

2. Defendant #1, Caty Vishniac is a citizen of Massachusetts who address is 92 Whitfield Street, Apt #3, Dorchester, MA. 02657.

1

3. Defendant #2, Carol Maher is a citizen of Massachusetts whose address is 35 Alden Street, Provincetown, Massachusetts.

## B. JURISDICTION.

The jurisdiction of this court is pursuant to 28 U.S.C. 1332, Diversity of Citizenship.

## C. NATURE OF THE CASE.

On July 12, 2009 Caty Vishniac filed a false complaint with the Provincetown Police Department alleging that I committed an Indecent assault against her. As a result of that false complaint I was arrested, placed in jail, had to post bond, required to attend many court appearances and suffer mental anguish, humiliation and suspicion that I was a sex offender. The alleged assault was verified to by defendant #2 Carol Maher. Carol Maher lied to support her comrade, Caty Vishniac a fellow street performer. At the time of the alleged assault, all the parties were licensed street performers in Provincetown Massachusetts, fully costumed and engaged in that occupation. The case against me was scheduled for a jury trial on January 26, 2010. The case was dismissed as the defendants failed to appear. Caty Vishniac intentionally, willfully and with malice filed this complaint in retaliation of my earlier complaint against her for "parking" (overstaying a location as a street performer). At the time of the alleged incident Caty Vishniac was acting as an agent of the Statute Factory, Inc.

## D. CAUSE OF ACTION.

### Claim #1.

This Diversity suit is an action for damages for malicious prosecution.

July 12 was a Sunday. I was with my female companion Aphia Saechang. Following our usual Provincetown routine we went to the Wellfleet Drive In flea market. We returned to Provincetown shortly before 1 p.m. and drove through town. At the corner of Commercial Street and Ryder Street we observed the complainant Caty Vishniac fully costumed performing her act as a mime. We returned to our hotel room.

At our hotel room I decided I would go downtown and perform my "Elvis" act around 4 p.m.

Later that afternoon I dressed for my performance and Aphia Saechang drove me to the intersection of Commercial and Ryder Street.

Upon arrival at approximately 3:45, we observed the complainant was still performing at the same location. I exited the car and removed my equipment. I approached the complainant and asked her if she would relinquish her space; she stated she would not. I told her that the street performer rules request that performers limit their performance to an hour or two if other performers request the same location. She told me that the rule only applied to the center space in front of the town hall and that she would not leave. Her statement concluded our conversation. At no time during this conversation did I touch the complainant. I got her attention for the conversation by saying; "hey gold lady". At this time the streets were crowded with

3

tourists and a dozen or so children and adults were watching her mime act.

I returned to the car and told Aphia to return the car to the hotel. She did and returned a short time later.

When Aphia Saechang returned I asked her to watch my equipment as I was going to complain to the police about Caty Vishniac not giving up her space.

The intersection of Commercial and Ryder Street in Provincetown is one of the main "hubs" in town and during the day there are always policemen in or nearby that area.

A short distance away on Commercial Street I approached Officer Kaly Kaelbere of the Provincetown Police Department, told him of my conversation with Caty Vishniac and asked if he would tell her to move. He agreed, and, did approach her asking her to conclude her act.

At 4:45 Caty Vishniac concluded her act and descended from her chair. We did not have any conversation at that time. (or any other time for that matter).

Her performance location on that July day took place approximately 10 feet in from Ryder Street; when she concluded he act, I began my performance. I was approximately 8 to 10 feet from Caty Vishniac.

When I was into my 2nd or 3rd song, I looked in her direction and she said to me; "I'll fix you".

I ignored her remark as I didn't know what she meant and thought I misunderstood her; in any event I want on performing without giving her comment further thought. She eventually packed up and went away.

I performed until @ 6:10, packed up and while walking down Commercial Street the police caught up with me, advised me of the charges and placed me under arrest.

Officer Kaly Kaelbere of the Provincetown Police Department will testify that, acting upon the Sitar complaint he contacted Caty Vishniac and requested she move. This contact was after the alleged grabbing and Kaelbere will testify that Caty Vishniac did not complain to him of any improper actions by Sitar.

Aphia Saechang will testify she was with me at all relevant times, that she saw me approach Caty Vishniac and that I never touched her.

Raymond Sitar will testify that he never touched her.

Caty Vishniac has a history of making false complaints. An alleged rape charge brought by her was dismissed. See Cambridge District Court A; Abusive Restraining Order Docket # 200752R0000277.

Carol Maher lied when she said she witnessed the alleged grabbing.

### Claim #2.

This Diversity suit is an action for damages for libel and slander under Massachusetts law. Caty Vishniac and Carol Maher intentionally, willfully and with malice portrayed Sitar in a false light causing him humiliation and shame.

Each and every allegation recited in Claim #1 is hereby incorporated by reference.

**Claim #3.**

This Diversity suit is an action for damages for intentional infliction of emotional distress under Massachusetts law.

Caty Vishniac and Carol Maher knew their statements to the police would lead to Sitar's arrest. They went forward with their false statements to punish Sitar for complaining to the police about overstaying their space time limits.

Each and every allegation recited in Claim #1 is hereby incorporated by reference.

**E. OTHER LAWSUITS**

Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?
\_\_\_\_Yes **XXX**\_\_\_No.

**F. REQUEST FOR RELIEF**

WHEREFORE, plaintiff demands: damages in the amount of $100,000. This includes but is not limited to reimbursement of attorney fees and costs associated with the arrest and defending the false charges; damages for filing a false complaint against plaintiff; damages for false imprisonment; damages for intentional infliction of emotional distress;

### G. JURY DEMAND

Do you wish to have a jury trial? **No**
    PRO Se

*/s/ Raymond Sitar*

Original signature of attorney   Plaintiff's Original
                                                        Signature

Raymond Sitar
392 Edgewood Avenue
New Haven, CT. 06511
203-777-2688
sitaratty@juno.com

### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained in the complaint is true and correct.
28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at NEW HAVEN on June 4, 2010.

*/s/ Raymond Sitar*
Plaintiff's Original Signature

(Rev.9/22/09)

7